UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASIEL LAZARO LANZ ALVAREZ,

Petitioner,

v. Case No. 3:26-cv-1382-MMH-SJH

WARDEN, BAKER COUNTY DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Jasiel Lazaro Lanz Alvarez, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on May 26, 2026. Lanz Alvarez, a citizen of Cuba, was paroled into the United States on May 14, 2024. Doc. 3-1 at 7. United States Immigration and Customs Enforcement detained Lanz Alvarez on May 6, 2026. Id. at 1. The crux of Lanz Alvarez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225. Doc. 1 at 10–12, 22–23. As relief, he seeks immediate release. Id. at 12, 27.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det.

Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Lanz Alvarez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Lanz Alvarez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Lanz Alvarez's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Lanz Alvarez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Lanz Alvarez, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

[1] Because the Court finds that Lanz Alvarez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/4
c:
Jasiel Lazaro Lanz Alvarez, #A244534789
Counsel of Record